IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAHARRAKTE SAHU ATUM-RAYAY
A/K/A TRAYON JOEY THOMAS,

        Plaintiff,

        v.

SHERIFF RICHARD S. COLEMAN, et al.,

        Defendants.

CIVIL ACTION NO.: 4:26-cv-117

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 5, 2026, Report and Recommendation, (doc. 8), to which plaintiff has not filed an objection. Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 8.) Plaintiff's Complaint is **DISMISSED**. (Doc. 1.) His request to proceed *in forma pauperis* is **DISMISSED** as moot. (Doc. 2.) The Court supplements the Report and Recommendation below, to provide additional context and an alternative basis to dismiss the Complaint.

The Complaint in this case was filed in the name of a party identified as "RaHarrakte Sahu Atum-Ratay (A Yamassee Indigenous Aborigine Munuapu Sabean [Nuwapeian Sudanese Egiptian Moorish] Plenipotentaiary National of the Yamassee Native American Moors of the Creek Nation (U.N.N.M.) United Nuwaupian Nation of Moors . . ." (Doc. 1, p. 1 (unedited).) Elsewhere, Plaintiff identifies himself as "RaHarrakte Sahu Atum-Rayay . . . (Beneficial Owner, First Lein-Holder and Beneficiary of The 'Cestui Que Vie' d/b/a 'ex Rel' the MISNOMER: TRAYON JOEY THOMAS . . . ." (Id., p. 2 (unedited)). Various other versions of the same

nonsense appear elsewhere in the Complaint, but, as relevant here, the name "Trayon Joey Thomas," is always identified as a "misnomer." (See generally id.) In response, the Magistrate Judge pointed out that this Court has previously rejected Plaintiff Trayon Joey Thomas's attempts to litigate using "his 'sovereign citizen' inspired alias . . . ." (Doc. 4, p. 1.) The Magistrate Judge, therefore, directed Thomas to "resubmit his pleadings signed under his real name." (Id., p. 2.) When Thomas failed to comply with that Order, and materials served on him by mail were returned by the United States Post Office, the Magistrate Judge recommended that this case be dismissed. (See generally doc. 8.) That recommendation was clearly correct and is adopted above.

The service copy of the Report and Recommendation was returned by an employee of the Chatham County Sheriff's Office. (See doc. 9.) A cover letter explains that the Sheriff's Office was unable to "locate a detainee in the system with [the name RaHarrakte Sahu Atum-Rayay]," and that the associated prisoner identification number "returns detainee Trayon Thomas." (Id.) Since the Magistrate Judge's original Order was returned because the addressee was "[n]o longer at this address," (doc. 6, p. 8; doc. 7, p. 17), it is possible that Thomas never received any of the materials served on him because they were addressed to his alias. Under the Federal Rules, service of documents by mail is complete upon mailing and actual receipt is not required. See, e.g., Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 896 (11th Cir. 2007) ("[B]ecause service was complete upon mailing, the district court did not violate [a pro se plaintiff's] constitutional rights by failing to ensure that she received the order in a timely fashion . . . ."). If Thomas failed to receive documents sent by the Court, it is entirely due to his persistent attempts to do precisely what this Court has informed him he may not do: litigate under a wholly concocted and legally meaningless alias. See, e.g., Thomas v. Wilcher, 4:19-cv-108, doc. 11 (S.D. Ga. Sept. 30, 2019) (Moore, J.) (noting "Plaintiff has offered no support that RaHarrakte Sahu Atum-Rayay is his legal

name and, in fact, his mother provided an affidavit stating that his legal name is Trayon Joey Thomas."). Any administrative difficulty resulting in Thomas's failure to timely receive materials served on him by the Court is both irrelevant and entirely his responsibility. The delivery issues identified in the Sheriff's Office employee's letter to the Court, therefore, provide no basis to deviate from the Magistrate Judge's recommendation.

Finally, even if the Court were to consider the substance of Thomas's Complaint, it would be properly dismissed as frivolous or for failure to state a claim. See 28 U.S.C. § 1915A. The factual allegations begin with a recitation of Thomas's sovereign-citizen inspired identification. (Doc. 1, p. 6). Those are properly disregarded. See, e.g., United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"). The substance of his claim is that he was in his cell, nude, applying depilatory. (Doc. 1, p. 6.) An officer informed him that covering the window on his cell door violated prison rules. (Id.) He ignored her. (Id.) She then issued him a disciplinary report for masturbation. (Id.) He, then, objected, invoking the Prison Rape Elimination Act ("PREA"), that he was "a victim of inappropriate visual surveillance," and his objection was disregarded. (Id.). Those facts do not plausibly give rise to any actionable claim. First, the PREA does not create any private right of action and any violation of its terms is not actionable under 28 U.S.C. § 1983. See, e.g., Money v. Isom, 5:23-cv-00377-MTT-CHW, 2024 WL 1696278, at *3 (M.D. Ga. April 19, 2024). Moreover, the rejection of his explanation during the administrative disciplinary process does not implicate, much less plausibly violate, any of Thomas's constitutional rights. Cf. Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (prison regulations and procedures "are primarily designed to guide correctional officers in the administration of a prison," and "not . . . to confer rights on inmates"). The remaining materials attached to Thomas's

Complaint appear related to his frivolous sovereign citizen beliefs.   (See doc. 1, pp. 8—17.)   His Complaint is, therefore, properly dismissed regardless of his recalcitrant insistence on using his alias.

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented above.   (Doc. 8); see also 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").   Plaintiff's Complaint is **DISMISSED**.   (Doc. 1.)   His request to proceed *in forma pauperis* is **DISMISSED** as moot.   (Doc. 2.)   The Clerk is **DIRECTED** to **CLOSE** this case. The Clerk is **DIRECTED** to mail a courtesy copy of this Order, in addition to the service copy mailed to the named Plaintiff, see Fed. R. Civ. P. 77(d), to Trayon Thomas at the same address.

**SO ORDERED**, this 29th day of July, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA